# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2315

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | On Appeal from the United |
| | * | States District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| Vidal Bueno Vazquez, | * | [UNPUBLISHED] |
| also known as Puebla, | * | |
| also known as Vidal Bueno Vasquez, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: October 18, 2010
Filed: October 21, 2010

_____

Before MURPHY, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Vidal Bueno Vazquez pled guilty to one count of conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of methampetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. The district court[1] sentenced Bueno Vazquez to 70 months in prison, the bottom of the

_____

[1]The Honorable Michael J. Davis, Chief Judge, United States District Court for the District of Minnesota.

advisory guideline range. Bueno Vazquez appeals, arguing his sentence is substantively unreasonable. This court affirms.

In the plea agreement, Bueno Vazquez admitted joining a drug-trafficking organization in September 2009, acting as a distributor in the conspiracy until October 2009. He admitted responsibility for possessing with intent to distribute and distributing at least 5 kilograms of cocaine. The parties agreed that his base offense level was 32. Although Bueno Vazquez pled guilty to an offense carrying a mandatory minimum of 120 months, the parties agreed that he was eligible for safety-valve relief. The district court applied a two-level reduction under U.S.S.G. § 5C1.2, and a three-level reduction for acceptance of responsibility. The court calculated an advisory guidelines range of 70 to 87 months, based on a total offense level of 27 and a criminal history of Category I.

Bueno Vazquez did not object to the guideline range calculation, but requested a downward variance of 35 months, because of his brief involvement in the conspiracy and prior history of legitimate employment. The district court denied his request, and sentenced him to 70 months, the bottom of the guideline range.

This court reviews the sentence imposed by the district court under a deferential abuse of discretion standard, looking first to whether the court committed a significant procedural error, such as "'failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.'" *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc), *quoting Gall v. United States*, 552 U.S. 38, 51 (2007). In the absence of significant procedural error, this court then considers whether the district court abused its discretion by imposing a substantively unreasonable sentence. *Id.*

Bueno Vazquez argues that his sentence is substantively unreasonable because the district court inadequately considered the 18 U.S.C. § 3553(a) factors, and sentenced him to a term "greater than necessary" to comply with sentencing purposes.

The record shows that the district court considered the § 3553(a) factors. This court presumes that a sentencing court did not abuse its discretion and imposed a reasonable sentence if the sentence is within the properly calculated guideline range. *See United States v. McCraney*, 612 F.3d 1057, 1068 (8th Cir. 2010), *citing Rita v. United States*, 551 U.S. 338, 347 (2007). Bueno Vazquez was sentenced at the bottom of his undisputed guideline range.

The judgment of the district court is affirmed.

_____